| FITZSIMMONS, Judge,
concurring in part with reasons.
I must concur in the result reached by the majority on the issue of the propriety of the trial court’s ruling denying admissibility of a recorded statement by defendant.
Louisiana Code of Criminal Procedure article 801(D)(1) provides that a prior statement of a witness is not hearsay if:
[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is: ... (b) [consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper ... motive.
I disagree with the court’s exclusion on the basis that the defense failed to proffer the contents of the statement at issue. The transcript of the taped statement given by the defendant to Detective Chuck Watts of the Livingston Sheriffs Office exists in the record. This court is, therefore, able to review the content of the statement. It was not necessary for the defense to proffer it.
A review of the taped statement demonstrates that, had the evidence been offered after the defendant had testified, it should have been admitted and played to the jury. Defendant’s testimony was substantially the same as her statement to the detective; therefore, it would have been admissible as a prior consistent statement by defendant that could offset the prosecution’s allegation of specific intent to kill or inflict bodily harm. See State v. Milto, 99-0217 (La.App. 1 Cir. 11/5/99), 751 So.2d 271, 275; see La.C.Cr.P. art. 801(D)(1). Unfortunately, the taped statement was offered prior to the testimony, or consistent statement, of the defendant; therefore, any error collapses under the motion’s procedural posture at the time it was presented to the trial court. The trial court was thereby correct in sustaining the State’s hearsay exception.
|?Had the defendant sought to introduce the tape while she was on the stand, or had she recalled the deputy under cross-examination, the trial court would have been able to rule it admissible as a prior consistent statement. Had the jury heard the tape, or been apprised of its contents, there also exists a reasonable possibility that its admission might have changed their conviction, particularly with respect to the possibility of an alternative manslaughter conviction, as opposed to second degree murder. Under those circumstances, the trial court’s denial of the admissibility of the statement should not have been construed to be harmless beyond a reasonable doubt. See Chapman v. California, 886 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Gibson, 391 So.2d 421 (La.1980).